**Norman James FIELD, Plaintiff— Appellant,**

v.

**Ryan ROOKHUIZEN, Defendant— Appellee.**

**No. 05–35032.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 7, 2008.

Norman James Field, Custer, MT, pro se.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Norman James Field appeals pro se from the district court's order dismissing his action alleging violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.,* as amended by the Fair Housing Amendments Act of 1988 ("FHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Huftile v. Miccio–Fonseca,* 410 F.3d 1136, 1138 (9th Cir.2005), and we affirm.

The district court properly dismissed Field's claim that his landlord failed to provide reasonable accommodations under the FHA because Field failed to allege

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

facts that rise to the level of a FHA violation. *See* 42 U.S.C. § 3604(f)(2)(A), (3)(B); *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua,* 453 F.3d 1175, 1179 (9th Cir.2006) (listing elements to establish a claim for reasonable accommodations), *cert. denied,* —— U.S. ——, 127 S.Ct. 1267, 167 L.Ed.2d 92 (2007).

The district court properly dismissed Field's claim for retaliation under the FHA because he did not allege an adverse action or an injury in fact. *See* 42 U.S.C. § 3617; *Walker v. City of Lakewood,* 272 F.3d 1114, 1123, 1128–30 (9th Cir.2001) (setting forth requirement for injury in fact and the elements to establish a retaliation claim).

Field's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.